

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-26-00058-CV
_____

STEPHANIE OSUNDE, Appellant

V.

BAPTIST HOSPITALS OF SOUTHEAST TEXAS, Appellee

On Appeal from the County Court at Law No. 1
Jefferson County, Texas
Trial Court No. 25CCCV0880

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Appellant, Stephanie Osunde, timely filed a pro se notice of restricted appeal on March 30, 2026.[1,2]  On May 11, 2026, the Court received a notice from the court reporter stating that no reporter's record was taken.[3]  The clerk's record was filed on May 14, 2026.  Osunde was originally required to file her brief on or before June 15, 2026.  On June 25, 2026, the Court sent Osunde a letter stating that it would give her up to and including July 10, 2026, in which to file her brief.

On July 10, 2026, we received a document that purported to be Osunde's appellate brief. Three days later, the Court sent Osunde a letter explaining that, for numerous reasons, the document we received was inadequate to serve as a brief because it did not meet the requirements of Rule 38.1 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 38.1. In our letter, we provided Osunde with a detailed explanation of why the document she provided to this Court failed to comply with Rule 38.1.  We informed her that if she did not file a brief that complied with Rule 38.1 by July 27, 2026, the appeal would be ripe for dismissal.

---

[1]Originally appealed to the Ninth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.).  We follow the precedent of the Ninth Court of Appeals in deciding the issues presented.  *See* TEX. R. APP. P. 41.3.

[2]On April 17, 2026, Osunde filed an amended notice of restricted appeal.  Both of her notices were timely filed.

[3]The court reporter explained, "The scheduled hearing did not occur because the defendant did not successfully appear on Zoom after given the opportunity to do so.  She appeared briefly, said a couple of words, disappeared, and was unable to rejoin the Zoom hearing granted on her behalf."

On July 23, 2026, Osunde filed a second document that we construed as her "corrected" brief. That document also failed to comply with the requirements of Rule 38.1. Because Osunde did not file a brief meeting the requirements of Rule 38.1, her appeal is ripe for dismissal.[4]

Pursuant to Rules 38.8(a)(1) and 42.3(b) of the Texas Rules of Appellate Procedure, we dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 38.8, 42.3; *Williams v. Johnson*, No. 10-02-346-CV, 2003 WL 21361266, at *1–2 (Tex. App.—Waco June 4, 2003, pet. denied) (mem. op.) (per curiam).

Scott E. Stevens
Chief Justice

Date Submitted:     July 30, 2026
Date Decided:       July 31, 2026

---

[4]Having provided Appellant with ample opportunity to file a proper brief in this matter, we are disinclined to provide her with further direction on how to file a brief that complies with Rule 38.1. Moreover, we do not have the opposing party's brief and, therefore, cannot affirm upon that brief without examining the record. *See* TEX. R. APP. P. 38.8(a).

3